D.I. No. ___

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ERRICK M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) C.A. No. __23-200__ |
| | ) |
| v. | ) |
| | ) JURY DEMAND: YES |
| | ) JURISDICTION: 28 U.S.C. §1331 |
| | ) NATURE OF CASE: 480 CONSUMER |
| MIDLAND CREDIT MANAGEMENT, | )                CREDIT |
| INC., RESURGENT CAPITAL | ) |
| SERVICES, LP, and | ) |
| LVNV FUNDING, LLC, | ) |
| | ) |
| Defendants. | ) |

## CIVIL COMPLAINT

Plaintiff Errick M. Wright ("Wright" or "Plaintiff"), files this Complaint against Midland Credit Management, Inc. ("MCM" or "Defendant"), a debt collector, Resurgent Capital Services, LP ("RCS" or "Defendant"), a debt collector, LVNV Funding ("LVNV" or "Defendant"), a debt collector, and collectively "Defendant's" alleges the following:

### I. INTRODUCTION

1. This lawsuit is filed to redress injuries that Plaintiff has suffered, and will continue to suffer as a result of the practices of the Defendants relating to the inaccurate consumer information being reported in Plaintiff's consumer credit reports.

1

2. The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American citizens. Data technology, whether it is used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individual consumers to flow instantaneously to requesting parties. Such timely information is intended to lead to faster and better decision-making by its recipients, and all of society should ultimately benefit from the resulting convenience and efficiency.

3. Unfortunately, however, this information has also become readily available for, and subject to, mishandling and misuse. Individual consumers can sustain substantial damage, both emotionally and economically, whenever inaccurate or fraudulent information is disseminated and/or obtained about them. In fact, Experian, Equifax, and Trans Union acknowledge this potential for misuse and resulting damage every time they solicit their credit monitoring services to a consumer.

4. The ongoing technological advances in the area of data processing have resulted in a boom for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. Such companies are commonly known as consumer reporting agencies ("CRAs").

5. The CRAs sell to readily paying subscribers (i.e., retailers, landlord, lenders, potential employer's and similar interest parties) information commonly called "consumer reports," concerning individuals who may be applying for retail credit, for the lease of an apartment, for a car or mortgage loan, for employment or the like.

6. Since 1970, when Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), federal law has required CRAs to implement and utilizes reasonable procedures "to assure the maximum possible accuracy" of the personal, private, and financial information that they compile and sell about individual consumers.

7. One of the primary purposes in requiring the CRAs to assure the "maximum possible accuracy" of consumer information is to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1)

8. The preservation of one's good name is also at the heart of the FCRA's purposes:

> [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character

3

reduced to impersonal "blips" and key-punch holes on a solid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage a mortgage to buy a home. We are not as nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. *** [A]s Shakespeare said, "the loss of one's good name is beyond price and makes one poor indeed (emphasis added)."

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) [quoting 116 Cong. Rec. 3570 (1970)].

9. To the further the primary goal of greater accuracy, the FCRA also required CRAs, as well as "furnishers" of credit information to the CRAs, to conduct "reasonable investigations" into bona fide disputes sent to CRAs by consumers claiming to have inaccurate or incomplete information appearing in their credit files, to correct or update any such errors or omissions, and report back to the consumer the results of the investigation. The COVID-19 pandemic beginning on or about January 1, 2020 made accurate furnishing of information difficult due to employers laying off employees which restricted most American citizens incomes.

10. This action seeks compensatory, statutory, and punitive damages, and all costs of this action to be awarded to Errick M. Wright ("Mr. Wright" or "Plaintiff"), against the Defendants for their willful and/or negligent acts in violation of the Fair Credit Reporting Act, and the Fair Debt Collections Practices Act, as described herein.

## II. PARTIES, JURISDICTION, AND VENUE

11. Plaintiff, Errick M. Wright, is, and at all material times, was an individual who resides in and is a citizen of of the State of Delaware having a physical address for the purpose of this suit at 1329 Linden Street Wilmington, DE 19805, and an address for service of process at P.O.B Wilmington, DE 19805.

12. Defendant, Midland Credit Management, Inc., is, and at all material times, was an artificial person who conducted business with the Plaintiff in the State of Delaware having an address for the purpose of service of this suit and an address for service of process at Corporation Service Company 251 Little Falls Drive Wilmington, DE 19805. The Defendant is in the business of debt collection.

13. Defendant, Resurgent Capital Services, L.P., is, and at all material times, was an artificial person who conducted business with the Plaintiff in the State of Delaware having an address for the purpose of service of this suit and an address for service of process Corporation Service Company 251 Little Falls Drive Wilmington, DE 19805. The Defendant is in the business of debt collection.

14. Defendant, LVNV Funding, LLC is, and at all material times, was an artificial person who conducted business with the Plaintiff in the State of Delaware having an address for the

purpose of service of this suit and an address for service of process Corporation Service Company 251 Little Falls Drive Wilmington, DE 19805. The Defendant is in the business of debt collection.

15. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and § 1332(a)(1).

16. This Court has personal jurisdiction over the Defendant's because Defendant's have continuously and systematically operated, conducted, engaged in, and carried on their business of debt collection in the State of Delaware. Pursuant to Delaware's long-arm statute, 10 DE C. § 3104, this Court has personal jurisdiction over the Defendant's.

### III. FACTUAL ALLEGATIONS

17. Plaintiff brings this Complaint pursuant to USDC Rule of Civil Procedure 3.

18. Plaintiff brings this action because the questions of law or fact common to Plaintiffs' claims predominate over any question of law or fact affecting the Plaintiff.

19. Defendants have subjected the Plaintiff to unfair, unlawful, and deceptive practices and the Defendant has harmed the Plaintiff's financial reputation. The conduct by the Defendants aforementioned, described, Plaintiff believes to be

Are the Defendants' standard business practice.

20. On or about March 19, 2020 to the present, Defendants have illegally misrepresented the facts and disseminated false information to third parties to induce Plaintiff to make payment(s) on an alleged debt or debts Defendants claim is owed to them.

21. Common questions of law and fact exist as to Plaintiffs' claims. These common questions predominate over questions affecting the Plaintiff, including, but not limited to, the following:

   a. Whether Defendants have engaged in a deceptive and unfair practice by misleading the Plaintiff to believe that Plaintiff owes a debt or debts to the Defendant's;

   b. Whether the representations made by Defendants would lead a reasonable person to believe they were not acting in violation of Plaintiff's consumer rights or other rights Plaintiff may hold or in violation of any laws of the State of Delaware or any Federal Consumer Protection Law or any of Plaintiff's consumer rights under the Fair Credit Reporting Act and the Fair Debt Collections Practices Act;

   c. Whether the Defendants are seeking to manipulate the Plaintiff through the acts of omissions for Defendants to maximize their own profits at the expense of the Plaintiff;

22. Plaintiff's claims are typical of a cause of action of this nature because of the uniformity, and the purpose of Defendants unlawful conduct. The Plaintiff has been damaged by the Defendants because of their false and misleading dissemination of information to third parties. The despicable

acts caused against the Plaintiff by the Defendant has harmed the Plaintiff's financial reputation.

23. Plaintiff has sustained, and will continue to sustain, damages as a result of the wrongful and unlawful, conduct and acts of bad faith Plaintiff alleges the Defendants have committed against the Plaintiff.

## IV. PLAINTIFF'S ALLEGATIONS

### COUNT ONE
### DEFENDANT'S WILLFUL AND NEGLIGENT NONCOMPLIANCE VIOLATED PLAINTIFF'S CONSUMER RIGHTS UNDER THE FAIR CREDIT REPORTING ACT

24. Plaintiff re-alleges paragraphs 1 through 23 as if fully set forth herein and further alleges the following.

25. This Count is brought pursuant to the Fair Credit Reporting Act ("FCRA"). A private right of action exists under **15 U.S.C. §1681n et seq. and 15 U.S.C. §1681o et seq**.

26. At, all times material, Plaintiff is a person as defined within the meaning of 15 U.S.C. § 1681a(b), and as a consumer under 15 U.S.C. § 1681a(c). Plaintiff is entitled to seek relief under the FCRA in accordance with Section 1681n of the Act.

27. At, all times material, the Defendant's are defined as artificial persons within the meaning of 15 U.S.C § 1681a(c).

28. The Defendants have engaged in unlawful schemes and course of conduct through one or more of the unfair and deceptive acts and practices alleged above.

29. The concealment and omissions of material facts and misrepresentations, and deceptions alleged in the preceding paragraphs occurred in connections with Defendant's debt collection tactics in Delaware which they furnished false information willfully and negligently to third party recipient consumer reporting agencies.

30. The Defendant's willful and negligent noncompliance Violate the Plaintiff's consumer rights under 15 U.S.C. § 1681s-2(a)(1)(A), and (B).

31. Respectively, beginning March 19, 2020, the Defendants have knowingly and willfully reported information with actual knowledge of errors. The Defendant's continue to willfully and knowingly report information to third party receivers after being given confirmation of errors. See **Exhibit "1"**

32. Respectively, on or about and beginning March 1, 2020, Plaintiff disputed the inaccurate information with the Defendant's "furnishers of information" and the consumer reporting agencies

33. As a direct and proximate result of Defendants FCRA violations, Plaintiff has been damaged in an amount to be proven at trial.

34. Plaintiff has suffered damages, and is entitled to Statutory and punitive damages, and all other remedies available under the FCRA.

D.I. No. ___

## COUNT TWO
## DEFENDANT'S WILLFUL AND NEGLIGENT NONCOMPLIANCE VIOLATED PLAINTIFF'S CONSUMER RIGHTS UNDER THE FAIR DEBT COLLCTIONS PRACTICES ACT

35. Plaintiff re-alleges paragraphs 1 through 34 as if fully set forth herein and further alleges the following.

36. Plaintiff alleges willful and negligent non-compliance under the FDCPA codified as 15 U.S.C. § 1692. A private right of action exists under 15 U.S.C § 1692k. Section 1692k imposes civil liability on any debt collector "who willfully fails to comply with any provision of this subchapter with respect to any person is liable to such person."

37. Since 1977, when Congress enacted the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), federal law has required debt collectors to refrain from abusive practices in the collection of consumer debts. The Act creates guidelines under which debt collectors may conduct business, and defines the rights of consumers involved with debt collectors, and prescribed penalties and remedies for violations of the Act.

38. A "debt collector" is defined by the FDCPA as follows:

"Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed ir due or asserted to owed or due another." See 15 U.S.C. § 1692(a)(6).

39. Through Plaintiff's communications with the Defendant's "that you immediately cease all communications concerning the collection of the alleged debts" associated with accounts claimed owed to respective Defendants. Plaintiff's notice included the statement, "this notice shall include but, shall not be limited to all written correspondence (including all consumer credit reports), and telephone conversations. You are only to contact me by mail if you intend to pursue this matter in a civil action."

40. Respectively, on or about March 19, 2020, to the present, the Defendants have falsely made publication to third parties regarding an alleged debt or debts. This false publication identified the Plaintiff as a debtor and the remarks made by the Defendants to third parties had a negative impact on the financial reputation of the Plaintiff. Defendant's were notified to "cease and desist" collection efforts. *See* 15 U.S.C. § 1692g(b).

41. Despite Plaintiff notifying Defendant's of his disputes, and to "cease all communication" of the alleged debt(s), the Defendants ignored this matter and manufactured the presence of the debts upon Plaintiff's consumer credit reports.

42. Plaintiff believes the actions of the Defendant's constitute harassment and in violation of 15 U.S.C. § 1692d.

43. In connection with the collection of the alleged debts, the Defendant's, directly or indirectly, have used false, deceptive, or misleading representations or means in violation of the FDCPA, 15 U.S.C. § 1692e et seq., including but not limited to the character, amount, or legal status of the alleged debts. Plaintiff further alleges that the Defendant's unlawfully re-aged the accounts to make the alleged debts appear newer than when allegedly first went delinquent.

44. As a result of the unlawful actions of the Defendant's in violation of the FDCPA, Plaintiff has suffered damages to his credit, character, and reputation, and is entitled to relief in an amount to be proven at trial.

## V. PRAYER FOR RELIEF

45. Plaintiff requests the following relief:

   a. A jury trial and judgement against Defendant's Midland Credit Management, Resurgent Capital Services, LP, and LVNV Funding, LLC;

   b. An order directing the Defendant's remove the disputed account(s) from all consumer credit reports in which the account(s) are being reported;

   c. Compensatory damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and 15 U.S.C. § 1692k(a)(1);

   d. Statutory damages in the maximum amount pursuant to 15 U.S.C. § 1681n, and 15 U.S.C. § 1692k(a)(2)(A);

   e. Pre-judgement and post-judgement interest at the maximum rate permitted by applicable law; and,

f. Such other relief as the Court deems just and proper.

### VI. DEMAND FOR JURY TRIAL

46. Plaintiff hereby demands a jury trial as to all claims triable.

**WHEREFORE**, Plaintiff respectfully submits the foregoing Complaint to be heard before this Honorable Court.

Dated: 2/23/, 2023

Respectfully submitted,

_(signature)_

ERRICK M. WRIGHT, PLTF
P.O. BOX 30981
WILMINGTON, DE 19805
PHONE: (302)-690-0829
legalmailemw@gmail.com