IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 23-200 (MN) |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Errick M. Wright, Wilmington, Delaware – Pro Se Plaintiff

Joanna J. Cline and Emily Wheatley, TROUTMAN PEPPER LOCKE LLP, Wilmington, Delaware; Joseph M. DeFazio, TROUTMAN PEPPER LOCKE LLP, New York, New York – Counsel for Defendant Early Warning Services, LLC

February 2, 2026
Wilmington, Delaware



**NOREIKA, U.S. DISTRICT JUDGE:**

On February 23, 2023, pro se Plaintiff Errick M. Wright, of Wilmington, Delaware, initiated this case by moving for leave to proceed *in forma pauperis* and filing a complaint alleging violations of the Fair Credit Reporting Act ("FCRA") by Defendants Experian Information Solutions, Inc., Early Warning Services, LLC, and other now-dismissed parties.  (D.I. 1; D.I. 2). The second amended complaint ("SAC") is now the operative pleading.  (D.I. 174).  Defendant Early Warning Services moves to dismiss all claims asserted against it in the SAC and moves for an extension of time to file a dispositive motion if its motion to dismiss is denied.  (D.I. 179; D.I. 188).  This Court will grant the motion to dismiss (D.I. 179), dismiss all claims against Defendant Early Warning Services asserted in the SAC (D.I. 174), and deny the motion for extension of time as moot (D.I. 188).

I.      **BACKGROUND**

According to the complaint, Plaintiff has suffered injuries "as a result of the practices of the Defendant[s'] willful and/or negligent non-compliance under the FCRA relating to the inaccurate consumer information being reported in Plaintiff's consumer credit reports." (D.I. 174 at 1-2).  Regarding Defendant Early Warning Services specifically, the complaint states that on or about August 25, 2022, this Defendant delivered Plaintiff a consumer report "containing erroneous errors pertaining to account(s) and other information contained within [Plaintiff's] consumer report."  (*Id.* at 8-9).  The consumer report allegedly contained false and misleading information regarding Plaintiff's banking history, specifically, an "error regarding [an] account at KeyBank ending in *2361 claimed [to have been] opened by Plaintiff on December 20, 2012," even though Plaintiff "has not opened, held, or conducted transaction with an account with Key Bank."  (*Id.* at 13, 14).

1

Plaintiff admits that "there were no transactions listed or balances stated[;] nor is the account noted as a charge-off or collection," and "the information does not show a status of closed or open." (*Id.* at 14). Nevertheless, Plaintiff asserts that the information "is extremely inaccurate and damaging to" Plaintiff and his "financial reputation," and that "Plaintiff has suffered out-of-pocket losses," "including but not limited to the costs of preparing the complaint and amended complaint." (*Id.* at 14-15). Plaintiff further asserts that Defendant should have known that this information should not have been included because "of the 7-year rule to delete accounts." (*Id.* at 14).

Based on the foregoing, the complaint alleges that Defendant Early Warning Services violated 15 U.S.C. § 1681e(b) by willfully or negligently preparing "patently false and misleading consumer reports concerning" Plaintiff through a "pattern of refusal to follow reasonable procedures" and "failure to assure the accuracy of the information being reported." (*Id.* at 13, 15). Plaintiff seeks relief to include $500,000,000.00 in punitive damages and $1,000.00 in statutory damages from Defendant Early Warning Services. (*Id.* at 16).

## II. LEGAL STANDARD

Because Plaintiff proceeds pro se, his pleading is liberally construed and the SAC, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A

possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

## III.  DISCUSSION

Upon review and consideration, this Court concludes that the SAC fails to state a FCRA claim against Defendant Early Warning Services. (D.I. 174). To state a violation of 15 U.S.C. § 1681e(b), the SAC must include sufficient factual allegations that allow a court to reasonably infer that "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022).

Here, it is unclear how the inclusion of the KeyBank account information in the August 2022 consumer report that Defendant Early Warning Services allegedly prepared for Plaintiff caused Plaintiff injury, as the account was not reportedly placed in collections or otherwise reported negatively. Although the SAC asserts that Plaintiff was injured by the inaccurate entry regarding the KeyBank account, without more, this does not amount to more than a bald assertion, and this Court does not credit bald assertions or legal conclusions in the absence of facts to support them. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

Likewise, the SAC does not show how Defendant Early Warning Services failed to follow reasonable procedures. Although Plaintiff asserts that there is a "7-year rule to delete" of which Defendant was or should have been aware, statutorily, this only applies to removal of negative information from consumer reports after seven years. Here, no negative information was reported for the KeyBank account. *See* 15 U.S.C. § 1681c. Further, the SAC does not allege that KeyBank was an unreliable source of information for Defendant Early Warning Services, let alone explain why or show how. As such, the SAC's assertion that Defendant Early Warning Services failed to follow reasonable procedures, without more, does not amount to more than a bald assertion that this Court does not credit. *See Rockefeller*, 311 F.3d at 216.

This Court will dismiss Plaintiff's claims against Defendant Early Warning Services because the SAC does not include sufficient facts to show three of the four elements of a FCRA violation under 15 U.S.C. § 1681e(b). *See Bibbs*, 43 F.4th at 342. Based on the facts alleged, particularly those regarding the lack of negative information reported for the KeyBank account, amendment appears futile. To date, Plaintiff has had multiple opportunities to amend his claims against Defendant Early Warning Services, yet the SAC still fails to state a claim against this Defendant. As such, this Court will now dismiss Plaintiff's claims against Defendant Early Warning Services with prejudice.

### IV. CONCLUSION

For the above reasons, the Court will grant Defendant Early Warning Services' motion to dismiss. (D.I. 179). Defendant Early Warning Services' motion for extension of time to file a dispositive motion will be denied as moot. (D.I. 188).

An appropriate Order will be entered.