IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERRICK M. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-200-MN-EGT |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Presently before the Court is the motion of Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") for summary judgment. (D.I. 184). For the reasons set forth below, the Court recommends that Defendant's motion be GRANTED.

## I.    BACKGROUND

In this case arising under the Fair Credit Reporting Act, Plaintiff accused Midland Credit Management ("MCM") of improperly aging and inaccurately reporting certain debts owed by Plaintiff. According to Plaintiff, MCM allegedly reported to Experian (and other credit reporting agencies) "illegally re-ag[ed]" account information for Plaintiff to make certain debts appear newer than when those debts originally became delinquent. (D.I. 174 ¶¶ 25(1)-25(2) & 40).[1]

Relevant here, Plaintiff alleges that Experian failed to take corrective action in response to Plaintiff's dispute of the inaccurate MCM information in his credit report. (*See generally* D.I. 174).[2] Plaintiff sent letters to Experian disputing the accuracy of the MCM information in his

---

[1]    The operative complaint has two paragraphs numbered 25. (*See* D.I. 174 at 8). To ensure clarity, the Court will adopt the nomenclature used by Experian – *i.e.*, the first paragraph 25 as 25(1) and the second paragraph 25 as 25(2). (D.I. 185 at 6 n.2).

[2]    Various other defendants have been dismissed from this case over the years that it has been pending. (*See, e.g.*, D.I. 7 (dismissing Midland Credit Management, Inc.); D.I. 32

credit report, and Experian apparently investigated the purported inaccuracies in MCM's information but concluded that there was nothing wrong. (*Id.* ¶¶ 25(2) & 29). Plaintiff requested that Experian again investigate the issue but that request was denied (*id.*), which ultimately led Plaintiff to sue Experian (and others) for violations of the Fair Credit Reporting Act. (*See* D.I. 10).

On September 11, 2025, Experian filed the present motion for summary judgment on the grounds that Plaintiff has failed to (1) introduce any evidence that Experian included inaccurate information on Plaintiff's credit report, (2) show that Experian did not follow reasonable procedures to achieve maximum accuracy in consumer credit reports or (3) show how he was harmed. (D.I. 184; *see also* D.I. 185, 186 & 187). Plaintiff opposed. (D.I. 194). Briefing was complete on October 30, 2025. (D.I. 197).

## II.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 n.10 (1986). An assertion that a fact is not genuinely disputed must be supported by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

---

(dismissing ChexSystems, Inc.); D.I. 158 (dismissing Resurgent Capital Services LP and LVNV Funding, LLC), D.I. 164 (dismissing Trans Union, LLC); D.I. 168 (dismissing Equifax Information Services LLC); D.I. 200 (dismissing Early Warning Services, LLC)).

admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the non-movant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Thus, the "mere existence of a scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

## III.    **DISCUSSION**

Defendant seeks summary judgment on each of Plaintiff's claims under the Fair Credit Reporting Act – *i.e.*, negligent non-compliance under 15 U.S.C. § 1681e(b) and failing to conduct a reasonable investigation under 15 U.S.C. § 1681i. Defendant also seeks summary judgment on

3

Plaintiff's request for punitive damages under 15 U.S.C. § 1681n.  In Defendant's view, Plaintiff has failed to make out a *prima facie* case for all of his claims.  (D.I. 187 at 15-20; *see also* D.I. 174 ¶¶ 33-44 (Plaintiff's claims against Experian)).  The Court agrees.

For each of his claims against Experian, Plaintiff must show that the information on his credit report was inaccurate.  *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (Section 1681e(b)); *Bibbs v. Trans Union LLC*, 43 F.4th 331, 344-45 (3d Cir. 2022) (applying Section 1681e(b)'s "inaccurate" standard to Section 1681i claims) (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018) ("[W]e apply the same understanding of 'inaccurate' in analyzing § 1681e and § 1681i claims.")); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under either [the Section 1681e(b) or Section 1681i] claim, then, the [plaintiffs] must show that their credit report contains inaccurate information."); *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 n.16 (3d Cir. 2022) ("Appellants also allege willful violations of the FCRA, which require the ***additional*** showing that the defendant acted knowingly or with reckless disregard of the statute's terms." (emphasis added) (citing *Seamans v. Temple Univ.*, 744 F.3d 853, 868 (3d Cir. 2014))).  Despite Experian repeatedly asking during discovery for evidence of how the MCM debts were inaccurately re-aged, Plaintiff produced no documents or other evidence supporting his claims.  Instead, Plaintiff objected or conclusorily responded to discovery requests, and he failed to disclose any evidence of how the accounts were re-aged during his court-compelled deposition.  (*See* D.I. 185 at 10-14; *see also* D.I. 158 at 16:2-12; D.I. 202 at 5:9-6:24, 8:2-9).  Experian now argues that Plaintiff has no evidence to support his contention that the MCM information on his report was inaccurate.  (D.I. 185 at 15-16 & 18-19).

By "reviewing for the court" the dearth of evidence provided by Plaintiff's admissions, interrogatory responses and "other exchanges between the parties" in the record, Experian has

carried its initial burden at summary judgment. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 84 n.2 (3d Cir. 1987) (quoting *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)); *see also Celotex*, 477 U.S. at 325 ("[T]he burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case.").

In opposing Experian's motion, Plaintiff attempts to argue that there is at least a dispute that the MCM information is inaccurate. (D.I. 194 at 2 & 6). But Plaintiff points to no evidence to support this argument. Indeed, Plaintiff's lone citation to the "record" is to the operative complaint. (D.I. 194 at 2 (citing D.I. 174 ¶ 40)). Unsupported allegations in a complaint are not evidence at summary judgment.[3] *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000); *see also Greer v. Mondelez Glob., Inc.*, 590 F. App'x 170, 172 n.3 (3d Cir. 2014) ("In opposing a motion for summary judgment, the nonmovant may not rely on his pleadings alone, but must provide evidence that demonstrates a genuine issue of fact for trial."). And the only other "facts" that Plaintiff raises in his opposition are irrelevant to this lawsuit – namely, that the Consumer Financial Protection Bureau sued Experian in the Central District of California for violations of the Fair Credit Reporting Act (D.I. 194 at 5), that Plaintiff previously sued Experian for violations of the Fair Credit Reporting Act (*id.* at 6), and that Plaintiff intends to sue Experian for its credit reporting related to a J-Crew account (*id.*). Plaintiff also mentions in passing that MCM allegedly violated the Fair Debt Collection Practices Act in reporting the information at issue beyond the

---

[3]     Plaintiff does not cite any specific exhibit attached to his complaint. (*See* D.I. 194). Even if the exhibits are part of the summary judgment record, Plaintiff does not cite them and the Court will not review them. FED. R. CIV. P. 56(c)(1) & (c)(3); *see Dawley v. Erie Indem. Co.*, 100 F. App'x 877, 881 (3d Cir. 2004) ("[I]t is not clear that a complaint and accompanying documents are part of the record on summary judgment . . . . Even if they are properly considered part of the summary judgment record, however, [plaintiff's] failure to refer the District Court to them as a basis for denying defendant's motion for summary judgment precludes him from doing so now on appeal. Rule 56 does not oblige a district court to scour the entire record to find a factual dispute.").

thirty-day validation period. (*Id.* at 5; *see also* D.I. 174 ¶ 40). Even if this conduct could give rise to a claim, Plaintiff has offered no evidence in support of it here and, in any event, it is unclear how this would render Experian liable under the Fair Credit Reporting Act.

Ultimately, Plaintiff bears the burden of establishing at trial that the information Experian included in the credit report was inaccurate.[4] *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) ("[T]he [FCRA] implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information" (second alteration in original) (quoting *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). Where, as here, a party seeks summary judgment on the basis that insufficient evidence exists to support a claim, the non-moving party must cite to specific parts of the record that show a genuine dispute of material fact exists in order to defeat summary judgment. *See* FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 322 ("[T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential that party's case, and on which that party will bear the burden of proof at trial."). Because Experian met its initial burden by showing an absence of evidence to support Plaintiff's claims, Plaintiff's failure to point to any evidence in support of his claim entitles Experian to summary judgment.[5] FED. R. CIV. P. 56(c)(3), (e)(2); *Celotex*, 477 U.S. at 322-23, 325; *Heffron v.*

---

[4]     Plaintiff argues that Experian is unable to show that the MCM accounts were reported accurately. (D.I. 194 at 4; *see also id.* at 7). But Plaintiff misunderstands each party's burden here. *See Singletary v. Penn. Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001).

[5]     Because the Court recommends granting summary judgment based on the absence of evidence supporting Plaintiff's claims, the Court does not venture to decide what degree of evidence a plaintiff must put forward regarding the investigative procedures used by a credit agency. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 709-10 (3d Cir. 2010) (summarizing the three approaches that other circuit courts take at summary judgment when evaluating the reasonableness of procedures and not adopting an approach).

*Adamar of N.J., Inc.*, 270 F. Supp. 2d 562, 576 (D.N.J. 2003).  This is true notwithstanding the fact that Plaintiff is proceeding *pro se*.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also Freeman v. Lincalis*, 158 F.4th 166, 175 (3d Cir. 2025).

*    *    *

Plaintiff is required to demonstrate – with evidence – that the MCM information on his credit reports was inaccurate.  Plaintiff was even specifically warned by the Court that he must do so.  (*See* D.I. 202 at 7:5-8:23).  Yet throughout this entire case – including in opposing Experian's motion for summary judgment – Plaintiff has offered no evidence whatsoever that the MCM information in his credit report was inaccurate.  Summary judgment should therefore be granted in Experian's favor.  Because it is unnecessary to do so, the Court declines to reach Experian's alternative grounds for summary judgment.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that Defendant's motion for summary judgment (D.I. 184) be GRANTED.

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation.  *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d).  Any responses to the objections shall be filed fourteen (14) days after the objections.  Objections and responses are limited to ten (10) pages.  The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  June 3, 2026

_____
UNITED STATES MAGISTRATE JUDGE